UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL RIVERA,

    Plaintiff,

                                      CASE NO..:

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angel Rivera, by and through undersigned counsel, brings this action against Defendant, Wal-Mart Stores East, LP, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq., and the Florida Civil Rights Act of 1990, ("FCRA"), § 760.01 et seq.

2. Venue is proper in this district, because all of the events giving rise to these claims occurred in Lake County, which is in this district.

### PARTIES

3. Plaintiff is a resident of Polk County, Florida.

4. Defendant operates a retail business in Clermont, in Lake County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

11. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

## FACTS

12. Plaintiff began working for Defendant in August 2006 as a Customer Host, and he worked in this capacity until May 23, 2022.

13. Plaintiff was seventy-one (71) years of age at the time he was constructively discharged by Defendant.

14. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities. Specifically, Plaintiff utilizes a power wheelchair for mobility.

15. Plaintiff continues to suffer from the aforementioned physical or mental condition.

16. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

17. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

18. Plaintiff requested an accommodation from Defendant for his condition. Specifically, Plaintiff requested to be able to work with his power wheelchair.

19. On or about May 23, 2022, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

20. On or about May 23, 2022, Defendant removed Plaintiff from the schedule entirely and placed him on an unpaid leave of absence.

21. Defendant told Plaintiff that it needed to find a position that Plaintiff could perform with his restrictions. However, Plaintiff is able to perform the essential functions of a Customer Host while using his power wheelchair.

22. Defendant also told Plaintiff that he was too old and handicapped to be working for Defendant.

23. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

24. Ten (10) weeks went by without Defendant contacting Plaintiff while he was on the unpaid leave of absence.

25. Plaintiff spoke with Defendant's Human Resources who then instructed Plaintiff to speak with a third party, Sedgewick. Plaintiff spoke with Sedgwick who only informed Plaintiff that he was on a leave.

26. On or about May 23, 2022, Defendant terminated and/or constructively discharged Plaintiff.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

27. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 12, and 14-26 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class under the ADA.

29. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

30. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 1-9, 12, and 14-26 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

32. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 12, and 14-26 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by complaining to Defendant's Human Resources about Defendant's discrimination and requesting a reasonable accommodation.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by denying his accommodation and terminating his employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d) That this Court enter an injunction restraining continued violation of the ADA;

    e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## COUNT IV – ADEA DISCRIMINATION

39.    Plaintiff realleges and readopts the allegations of paragraphs 1-7, 10-13, 20, 22, and 24-26 of this Complaint, as though fully set forth herein.

40.    As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

41.    Plaintiff was subjected to disparate treatment based on age.

42.    Defendant's actions were willful and done with malice.

43.    Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)     An injunction restraining continued violation of the ADEA;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to prior position with back pay plus interest, or in the alternative, front pay;

    f)     Liquidated damages in an amount equal to Plaintiff's total damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

## COUNT V – ADEA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1-7, 10-13, 20, 22, and 24-26 of this Complaint, as though fully set forth herein.

45. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

46. Plaintiff engaged in protected activity under the ADEA by complaining to Defendant's Human Resources.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by refusing to put Plaintiff back on the schedule for work

48. Defendant's actions were willful and done with malice.

49. In or about May 2022, Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) An injunction restraining continued violation of the ADEA;
- d) Compensation for lost wages, benefits, and other remuneration;
- e) Reinstatement of Plaintiff to a position comparable to prior position with back pay, or in the alternative, front pay;
- f) Liquidated damages in an amount equal to Plaintiff's total damages;
- g) Prejudgment interest on all monetary recovery obtained.
- h) All costs and attorney's fees incurred in prosecuting these claims; and
- i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
### (DISCRIMINATION)

51. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-26 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. Plaintiff was subjected to disparate treatment on account of his age and disability, including denying his accommodation, putting him on unpaid leave, and terminating his employment.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA RETALIATION

56. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-26 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. Plaintiff engaged in protected activity under the FCRA by making a complaint to Defendant's human resources.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by refusing to put Plaintiff back on the schedule and terminating his employment.

59. Defendant's actions were willful and done with malice.

60. By refusing to put him back on the schedule and terminating his employment, Defendant took material adverse action against Plaintiff.

61. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of July, 2023.

                        Respectfully submitted,

                        *Amanda E. Heystek*
                        _____
                        Amanda E. Heystek, Esq.
                        Florida Bar No. 0285020
                        **WENZEL FENTON CABASSA, P.A.**
                        1110 N. Florida Avenue
                        Suite 300
                        Tampa, Florida 33602
                        Main No.: 813-224-0431
                        Direct No.: 813-379-2560
                        Facsimile No.: 813-229-8712
                        Email: aheystek@wfclaw.com
                        Email: rcooke@wfclaw.com
                        Attorneys for Plaintiff